Russell T. Gilmore, p. a.
vs. } No. 66026.
Washington Park Wet Wash

March 8, 1929.

CAPOTOSTO, J. In a collision between a bicycle ridden by plaintiff and a truck claimed to have been operated by a servant of the defendant, at the intersection of Broad street and Wentworth avenue in the city of Providence, around 8 a. m. of November 2, 1925, the plaintiff claims to have been thrown to the ground and injured. The jury, having returned a verdict for the plaintiff in the sum of $500, the defendant moves for a new trial and relies principally upon the ground that the truck in question was not driven by a servant, nor was it at the time upon the business of this defendant.

The defence claims that the truck which figured in the accident was owned by Mr. Farley, now deceased; that the driver was in his employ; that the laundry route which the truck was following this particular morning was Mr. Farley's own personal business; and that his wife, Sadie A. L. Farley, who does business under the name of the Washington Park Wet Wash, merely did the washing for the various drivers. Whether or not the name Washington Park Wet Wash was on the truck that figured in the accident is uncertain, although the defendant specifically denies that it was.

The closeness of the relation of the parties involved, the physical condition of Mr. Farley, the manner in which the business was carried on, and the conduct of the parties immediately following the accident were questions for the jury to pass upon to determine whose servant the driver of the truck actually was. The plaintiff testifies that, while he was in the doctor's office, the driver, in his presence, "called up Mrs. Farley and asked her to come down and see the fellow that he ran into and Mrs. Farley came down and said, 'Oh, yes, we knew Mr. Gilmore when he was up on Broad street. He will use us pretty easy'." Mrs. Farley denies ever talking to the driver about the accident and asserts that it was her daughter, a Mrs. Kelley, who now resides in Philadelphia, that went to the doctor's office with Mr. Farley. Mrs. Kelley was not produced as a witness, nor was her absence explained.

The evidence raised a clear issue of fact. The jury might reasonably find that the facts were as claimed by the defendant, or that the claim as advanced was colored, and did not represent the conditions as they really existed. The jury's verdict is reasonable both as to liability and damages.

Motion for new trial denied.

For plaintiff: Fergus J. McOsker.

For defendant: Wm. H. McSoley and J. H. A. Griffin.